IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODERICK COLVIN-EL #202-176       *
        Plaintiff,
v.                                         *   CIVIL ACTION NO. RDB-11-851

J. MICHAEL STOUFFER, COMMISSIONER *
KATHLEEN S. GREEN, WARDEN
JUNE BRITTINGHAM, LIBRARIAN       *
        Defendants

## **MEMORANDUM OPINION**

Pending in the above-captioned case is Defendants' Motion to Dismiss or for Summary Judgment. ECF No. 14. Plaintiff opposes the motion. ECF No. 18.

### Background

Plaintiff, a prisoner confined to Eastern Correctional Institution (ECI), claims that Defendants have failed to provide sufficient library services. He names Division of Correction (DOC) Commissioner J. Michael Stouffer, ECI Warden Kathleen S. Green, and ECI Librarian June Brittingham as Defendants and states that from November of 2009 through December of 2010, the ECI library was closed 123 days due to institutional lock-downs and a lack of staffing. Plaintiff also complains that library computer equipment and training are inadequate, and time limits imposed on those allowed access to the library fall below acceptable standards. ECF No. 1 at 3-10. Plaintiff seeks money damages and injunctive relief to improve library services and mandate that prisoners be granted longer hours to work in the library and "check out" books and legal material. *Id*. at 4.

Defendants admit that a lack of agency resources may require the ECI library to close on holidays, furlough days, cost containment days, or when the librarian is ill or on vacation. ECF

No. 14 at 2-3. Defendants deny that the library was closed during all of the days identified by Plaintiff. *Id*. at 3.

## Standard of Review

Under Fed. R. Civ. P. 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr*., *Inc*., 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

## Exhaustion of Administrative Remedies

In their dispositive motion Defendants assert that the Complaint must be dismissed in its entirety because Plaintiff has failed to exhaust available administrative remedies. The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this Court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies "in accordance with the applicable procedural rules," so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's claims must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528

(D.Md.2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D.Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir.2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Plaintiff admits he did not file an ARP regarding the lack of library services. ECF No. 1 at 2. He claims "he was retaliated against for filing this civil rights complaint" when he was moved off the Honor tier and placed on a security threat group tier with gang members.[1] ECF No. 18 at 7. This contention, however, does not explain Plaintiff's failure to present his concerns about poor library services to prison officials using the ARP process **prior** to filing the instant lawsuit.

Defendants, having properly raised the exhaustion defense, are entitled to summary judgment in their favor in light of Plaintiff's failure to establish a good faith effort to comply

---

[1] Plaintiff provides an ARP and affidavit prepared by fellow prisoner Russell Smith in which Smith also complains of poor library services and states that he (Smith) was subjected to retaliation for actions he filed in this Court. Smith is not a party to this action; thus, problems Smith may have encountered with prison officials lack relevance here. ECF No. 18 at attachments 1-5

4

with the administrative remedy procedure prior to initiating a federal civil rights lawsuit. A separate Order follows.

October 31, 2011               _____/s/_____
(Date)                  RICHARD D. BENNETT
                    UNITED STATES DISTRICT JUDGE